966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy Mark TAYLOR; Shirley Taylor, Plaintiffs-Appellants,
v.
CLAY WARNER & ASSOCIATES, INCORPORATED; J. Max Scott;
Scott Machinery Service, Defendants-Appellees.
 No. 91-1885.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: June 5, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Senior District Judge. (CA-90-2417-H)
 ARGUED: Robert John Lynott, Jr., Moore, Libowitz & Thomas, Baltimore, Maryland, for Appellants.
 Robert Wayne Pierce, Niles, Barton & Wilmer, Baltimore, Maryland, for Appellees.
 ON BRIEF: David P. Chaisson, Moore, Libowitz & Thomas, Baltimore, Maryland, for Appellants.
 Robert P. O'Brien, Niles, Barton & Wwlmer, Baltimore, Maryland; David W. Skeen, Paul F . Evelius, Wright, Constable & Skeen, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 After Timothy Mark Taylor's hand was injured in an accident involving a wire mesh roller, Taylor and his wife, Shirley Taylor, brought an action against Scott Machinery Service, the manufacturer of the roller; J. Max Scott, the owner of Scott Machinery Service; and Clay Warner & Associates, Inc., the broker that arranged the sale of the roller. The Taylors sought damages based upon theories of negligence, strict liability, breach of implied warranty, breach of express warranty, and loss of consortium. The district court dismissed the suit as to defendants Scott Machinery Service and J. Max Scott for lack of personal jurisdiction, see Fed. R. Civ. P. 12(b)(2), and entered summary judgment in favor of defendant Clay Warner & Associates, see Fed. R. Civ. P. 56. The Taylors appeal.
 
 
 2
 We have considered the briefs and the arguments of the parties, and affirm on the reasoning of the district court. See Taylor v. Scott, No. H-90-2417 (D. Md. Feb. 8, 1991); Taylor v. Scott, No. H-90-2417 (D. Md. Mar. 28, 1991); Taylor v. Scott, No. H-90-2417 (D. Md. Nov. 18, 1991).
 
 AFFIRMED